UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

**CIVIL ACTION NO.: 4:09CV-4-M**

**DONALD R. BURNS**                                                      **PLAINTIFF**

**v.**

**HOPKINS COUNTY GOVERNMENT, et al.**                   **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

      This matter is before the Court upon motions by the defendants, Hopkins County, Kentucky and Joe Blue in his individual and official capacities [DN 18], and by the defendants, Angela Pleasant, LPN and Henry Davis, D.O. [DN 14], for summary judgment. As the plaintiff has failed to timely respond to these motions, this matter is ripe for decision.

      In his complaint, the plaintiff alleges, in part, that the defendants were deliberately indifferent to his serious medical needs. The defendants argue that this claim is barred by the applicable statute of limitations. In actions commenced under 42 U.S.C. § 1983,[1] federal courts "borrow" the personal injury limitations period of the forum state. Wilson v. Garcia, 471 U.S. 261, 280 (1985). In Kentucky, that limitations period is one year. Collard v. Ky. Bd. of Nursing, 896 F.2d 179, 182 (6th Cir. 1990) ("we conclude that section 1983 actions in Kentucky are limited by the one-year statute of limitations found in [KRS] 413.140(1)(a)."). Having filed this action in the Hopkins County Circuit Court[2] on December 22, 2008, the plaintiff's § 1983 claim is only timely

---

[1] Although the plaintiff does not reference § 1983 in his complaint, he does allege that the medical care provided by the defendants violated "the Eighth Amendment to the Constitution of the United States[,]" (Compl. ¶ 31,) and seeks money damages to compensate him for his alleged injury. In liberally construing the plaintiff's *pro se* pleadings, see Martin v. Overton, 391 F.3d 710, 712 (6th Cir. 2004) (citation omitted), the Court finds that he is seeking relief pursuant to § 1983.

[2] The defendants removed the action to this Court pursuant to 28 U.S.C. § 1441.

if that claim accrued on or after December 22, 2007. For purposes of § 1983, a cause of action accrues "when the plaintiff knows or has reason to know of the injury that is the basis of his action." Hermansen v. Schickel, 202 F.3d 268 (table), 1999 WL 1282438, at *1 (6th Cir. Dec. 27, 1999) (citing Collyer v. Darling, 98 F.3d 211, 220 (6th Cir. 1996). Where the plaintiff alleges an injury due to the withholding of medication, the limitations period begins to run upon "the *initial* denial of medication" where that denial "would have alerted the average lay person to take steps to protect his rights at that time." Gray v. Dorning, 202 F.3d 268 (table), 1999 WL 1336118, at *1 (6th Cir. Dec. 20, 1999) (emphasis added); see also Hawkins v. Spitters, 79 F. App'x 168, 169 (6th Cir. 2003) (unpublished) (a claim accrues when the plaintiff "clearly ha[s] reason to challenge what he believe[s] to be deliberate indifference to his serious medical need.").

The plaintiff alleges that, prior to his incarceration in the Hopkins County Jail, he had been prescribed medications to treat various medical conditions including COPD and diabetes. He contends that upon intake into the jail on November 1, 2007, he informed jail personnel of these medical conditions, but that the jail refused to dispense the medications needed to treat those ailments. As a result, he allegedly suffered serious complications between November 14, 2007, and December 6, 2007, when he was eventually transported to the local emergency room for treatment. The Court agrees with the defendants that the plaintiff's § 1983 claim is barred by the applicable statute of limitations. His claim is untimely because it accrued, at the earliest, on November 1 when he was allegedly denied his medication, and at the latest, on December 6 when he allegedly suffered a physical injury due to the inadequate medical care. Therefore, summary judgment in favor of the defendants on this claim is appropriate. Dismissal of the federal claims against the unknown "Deputy Jailers" is appropriate for similar reasons. Even if the plaintiff were able to determine the

identity of these unknown deputy jailers through discovery, his federal claim against them would nonetheless be time-barred for the same reasons stated above. Cf. Hunt ex rel. Chiovari v. Dart, 612 F. Supp. 2d 969, 972 n.1 (N.D. Ill. 2009) (recognizing that a court may sua sponte dismiss an action as time barred where an amended complaint to substitute named defendants would not be allowed under the relation-back doctrine) (citing King v. One Unknown Fed. Corr. Officer, 201 F.3d 910 (7th Cir. 2000)); see also United States v. W. Cas. & Surety Co., 359 F.2d 521, 523 (6th Cir. 1966) (substitution of parties is not permitted under the relation-back doctrine outside of the limitations period).[3]

Having dispensed with the claim over which the Court has original jurisdiction, it declines to exercise supplemental jurisdiction over the plaintiff's additional state law claims. 28 U.S.C. § 1367(c)(3); see also United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966). Accordingly, **IT IS HEREBY ORDERED** that the motions by the defendants, Hopkins County, Kentucky and Joe Blue in his individual and official capacities [DN 18], and by the defendants, Angela Pleasant, LPN and Henry Davis, D.O. [DN 14], for summary judgment are **GRANTED**. A judgment will be entered consistent with this Memorandum Opinion and Order.

cc:  Counsel of Record
     Donald R. Burns, pro se

---

[3] The plaintiff also contends that the defendants refused to release him from jail for eight days after bond was posted on his behalf. To the extent such allegations state a claim under § 1983, the claim fails because the undisputed evidence shows that Brenda Tyson did not post bond until December 26, 2007, the same day the plaintiff was released from the jail.